# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:03-cr-017 (2)

                                            District Judge Thomas M. Rose
- vs -                                   Magistrate Judge Michael R. Merz

CHARLES L. HARDEN,

                Defendant.      :

## DECISION AND ORDER DENYING MOTION TO HOLD IN ABEYANCE

This case is before the Court on Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 165). Its filing was accompanied by Defendant's Motion to Hold in Abeyance (ECF No. 166).

Although prior post-judgment motions in this case have been referred to Chief Magistrate Judge Sharon L. Ovington, the Court has decided to refer all such matters to the undersigned as part of a general reallocation of magistrate judge duties at Dayton (See Dayton General Order No. 13-01 (May 30, 2013).

Defendant advises he "has filed a request to file a second/successive petition with the Sixth Circuit Court of Appeals, which must be ruled upon prior to this Court['s] proceeding with

1

the merits of Petitioner's motion pursuant to 28 U.S.C. § 2255." (ECF No. 166, PageID 678). For the reasons set forth herein, this Court disagrees.

**Procedural History**

Defendant Harden was sentenced in this case on September 22, 2003 (Judgment, ECF No. 70). On August 8, 2005, he was re-sentenced on remand in light of *United States v. Booker*, 543 U.S. 220 (2005)(Amended Judgment, ECF No. 110). Harden filed his first § 2255 Motion on October 18, 2006 (ECF No. 127). Judge Rose adopted Judge Ovington's recommendation to dismiss the Motion on May 24, 2007 (Entry, ECF No. 136). Harden then filed a motion under Fed. R. Civ. P. 60(b) which Judge Ovington construed as a second or successive 2255 motion under *In re Nailor*, 487 F. 3d 1018 (6th Cir. 2007), and recommended it be denied for lack of circuit court permission to proceed and, alternatively, for lack of merit (Report, ECF No. 151, PageID 629). On September 8, 2009, Judge Rose adopted that Report (Decision, ECF No. 152).

On April 26, 2010, Harden filed his third § 2255 Motion (ECF No. 156). Judge Ovington again recommended dismissal for lack of circuit permission to proceed (ECF No. 157) and Judge Rose agreed (ECF No. 160).

Harden filed his instant fourth Motion to Vacate June 23, 2016 (ECF No. 165).

# ANALYSIS

Harden's instant § 2255 Motion is his fourth-in-time motion. It presents a claim for relief under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (June 26,

2

2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. It has since been held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States,* 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins,* 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guidelines has also been held unconstitutional on the same basis as *Johnson. United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Regarding successive § 2255 motions, 28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244 in turn provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)

3

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)
>
>    >    (i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    >
>    >    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)
>    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. §§ 2255(h) and 2244(b) were both adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and therefore should be read *in pari materia*. Usage of the phrase "second or successive" should therefore be presumed to have the same meaning in both places. *Atlantic Cleaners & Dyers, Inc. v. United States,* 286 U.S. 427, 433 (1932); *Mohasco Corp. v. Silver,* 447 U.S. 807 (1980),

The AEDPA does not define "second or successive," but the appellate courts have held that not every second-in-time habeas corpus petition under § 2254 is to be treated as second or successive. In *Panetti v. Quarterman,* 551 U.S. 930 (2007), the court held a habeas petition alleging incompetence to be executed is not a prohibited second petition when the issue was not ripe when the first petition was filed. In *In re Bowen*, 436 F.3d 699 (2006)(Cole, J.), the Sixth Circuit found a second petition was not successive when it raised ineffective assistance of trial counsel and appellate counsel claims which were not exhausted at the time of the first petition and before *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), allowed a stay and abeyance. The court explained:

5

> The Supreme Court has made clear that not every numerically second petition is "second or successive" for purposes of AEDPA. *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Martinez-Villareal v. Stewart*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive); see also *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998) (same).

In *In re: Curtis Jones*, 652 F.3d 603 (6th Cir. 2010), the court held:

> [N]ot every numerically second habeas petition is subject to these gatekeeping procedures. Instead, in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original petition. The statutory phrase "second or successive petition," the Court has emphasized, is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  So in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849, the Court held that a capital prisoner's claim that he was incompetent to be executed under *Ford v. Wainwright,* 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe. See 523 U.S. at 644-45.

*Id*. at 605.  Thus not every second or subsequent 2254 petition or 2255 motion is second-or-successive under the AEDPA.

Moreover, initial determination of whether a petition or motion is second or successive must be made in the first instance by the district court. *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *In re  Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  The district court cannot "delegate up" the second-or-successive determination out of an abundance of caution in not exceeding its jurisdiction. *Id.*

The instant § 2255 Motion is not second-or-successive within the meaning of § 2255(h) because Harden's claim under *Johnson* was not ripe when he filed any of his prior § 2255 motions. *United States v. Waagner*, 2016 U.S. Dist. LEXIS 64091 (S.D. Ohio May 16, 2016)(Merz, M.J.), citing *Panetti.* No claim under *Johnson* existed before the Supreme Court decided that case in June 2015.

Harden's *Johnson* claim is parallel to claims made available to convicted federal defendants by *Bailey v. United States*, 516 U.S. 137 (1995), where the Supreme Court construed the term "use" in 18 U.S.C. § 924(c)(1) to mean "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Defendants who had been convicted under a broader definition of "use" were permitted to seek relief under § 2255 without prior circuit court permission even if they had filed a previous § 2255 motion. *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).

Accordingly, the Motion to Hold in Abeyance is DENIED. The Magistrate Judge respectfully suggests that Defendant's counsel voluntarily withdraw his request to the Sixth Circuit for permission to file a second-or-successive motion. The Court will proceed with initial review of the instant § 2255 Motion under the Rules Governing § 2255 Motions.

June 24, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

7

8